UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SARAH WALKER BRUUN;<br>DAVID RUSSELL AYERS; and<br>BETTY JANE AYERS, in their personal capacities as residents of and registered voters in Anderson County and Bradley County, Tennessee, pro se,<br><br>Plaintiffs,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State of Tennessee, and MARK STEPHENS, in his official capacity as Administrator, Anderson County Election Commission,<br><br>Defendants. | ) | No.: 3:22-CV-292-TAV-JEM |

**ORDER**

This civil action is before the Court on plaintiffs' notice of voluntary dismissal [Docs. 19, 20]. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), plaintiffs have notified the Court that they wish to voluntarily dismiss this action without prejudice. Defendants have filed no response to plaintiffs' notice, and enough time has passed to consider their failure to do so a waiver of any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

Rule 41(a)(1)(A) states, "[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who

have appeared." Fed. R. Civ. P. 41(a)(1)(A). The Sixth Circuit has held that motions to dismiss do not bar a plaintiff from filing a notice of voluntary dismissal under Rule 41(a)(1). *Aamot v. Kassel*, 1 F.3d 441, 444–45 (6th Cir. 1993); *see also McCord v. Bd. of Educ. of Fleming Cnty., Ky.*, No. 17–5548, 2018 WL 1724560, at *5 (6th Cir. Jan. 30, 2018) (stating that "a motion to dismiss does not constitute an answer or a motion for summary judgment" under Rule 41(a)(1)). Instead, a plaintiff will be barred from filing a notice of voluntary dismissal under Rule 41(a)(1) only after the defendant has filed an answer or a motion for summary judgment. *See Aamot*, 1 F.3d at 445.

Here, plaintiffs filed their notice of voluntary dismissal on September 16 and 19, 2022 [Docs. 19, 20]. Prior to their filings, defendant Tre Hargett filed a motion to dismiss with prejudice for lack of subject matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and (6) [Doc. 16]. However, neither defendant has filed an answer to the complaint or a motion for summary judgment. Thus, pursuant to Rule 41(a)(1) and plaintiffs' notice of voluntary dismissal [Docs. 19, 20], this case shall be **DISMISSED without prejudice**. The Clerk is **DIRECTED** to **CLOSE** this civil case. All pending motions are **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE